IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COLUMBIA CASUALTY CO., | : | |
| Plaintiff, | : | Case No. 2:06-cv-393 |
| v. | : | Judge Holschuh |
| CITY OF WELLSTON, et al., | : | Magistrate Judge King |
| Defendants. | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

This matter is currently before the Court on Defendants' motion to dismiss Plaintiff's declaratory judgment action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Record at 10). Defendants allege that Plaintiff has failed to satisfy the amount-in-controversy requirement for diversity jurisdiction. Because it cannot be said to a legal certainty that Plaintiff's claim is for less than $75,000, the Court denies Defendants' motion.

**I.  Factual Background and Procedural History**

Brad Benson filed suit in the United States District Court for the Southern District of Ohio seeking damages under 42 U.S.C. § 1983. He alleged that the City of Wellston, Ohio and John R. Stabler violated his constitutional rights under color of state law. See Benson v. City of Wellston, Case No. 2:03-cv-639 (the "underlying suit"). Judge Gregory Frost presided over the trial and, on April 6, 2005, a jury returned a verdict in Benson's favor. The jury awarded $59,317 in compensatory damages against the City and Stabler, and $5,000 in punitive damages against Stabler. The City and Stabler moved for remittitur of the jury verdict on the compensatory

damages award, but the district court denied the motion and they appealed. On September 19, 2005, Benson filed a motion for the recovery of $20,217.25 in attorney's fees. On November 30, 2005, Judge Frost denied Benson's motion without prejudice subject to re-filing at the conclusion of the appeal.[1]

On May 25, 2006, Plaintiff Columbia Casualty Company ("Columbia") filed this suit seeking a declaratory judgment in connection with an insurance policy it had issued to the City of Wellston. Columbia maintains that because the jury found malfeasance on the part of the City and Stabler in the underlying suit, Columbia is not required to provide indemnification for the judgment or for attorney's fees. Columbia alleged that the Court has jurisdiction under 28 U.S.C. § 1332 because the action involves citizens of different states and the amount in controversy exceeds $75,000. Specifically, Columbia alleged that the jury in the underlying suit had awarded $59,317 in compensatory damages and $5,000 in punitive damages. In addition, Benson had filed a motion to recover attorney's fees and costs in the amount of $20,217.25.

On September 29, 2006, the City and Stabler filed a motion to dismiss Columbia's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants contend that because Judge Frost denied Benson's motion for attorney's fees, Columbia cannot satisfy the amount-in-controversy requirement to vest jurisdiction under 28 U.S.C. § 1332(a).

---

[1] On November 6, 2006, the Court of Appeals for the Sixth Circuit affirmed the district court's judgment in the underlying suit and, on November 22, 2006, Benson filed a renewed request for attorney's fees and expenses, seeking additional fees in connection with the appeal.

**II. Discussion**

Federal courts are courts of limited jurisdiction. They can exercise jurisdiction only when that power is authorized by Article III of the Constitution or conferred by acts of Congress. Bender v. Williamsport Area Sch. Dist. 475 U.S. 534, 541 (1986). The burden is on the party asserting jurisdiction to demonstrate that subject-matter jurisdiction exists. See Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

Columbia filed this declaratory judgment action based on diversity of citizenship. Congress has granted district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between parties of different states." 28 U.S.C. § 1332(a). It is undisputed that this controversy is between parties of different states. Plaintiff Columbia is an Illinois insurance company with its home office in Chicago, Illinois. Defendant City is an Ohio municipal corporation and defendants Stabler and Benson both reside in Ohio.

The issue in dispute is whether the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Columbia contends that because the jury awarded $59,317 in compensatory damages and $5,000 in punitive damages, and because Benson is seeking more than $20,000 in attorney's fees, the amount in controversy exceeds $75,000. Attorney's fees may be included in the jurisdictional amount if, as here, they are authorized by statute. See Clark v. National Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975).[2] The amount in

---

[2] 42 U.S.C. § 1988 permits the district court to award attorney's fees to the prevailing party in a § 1983 action.

controversy, for purposes of diversity jurisdiction, is determined as of the date the complaint is filed. See Sellers v. O'Connell, 701 F.2d 575, 578 (6th Cir. 1983).

The City and Stabler argue that because, on the date the complaint was filed, Judge Frost had already denied Benson's motion for attorney's fees, and Stabler paid the punitive damages judgment, the amount in controversy is only $59,317 and the jurisdictional requirement is not met. Columbia notes, however, that Judge Frost denied that motion without prejudice, and his order makes it clear that he anticipated that Benson would refile the motion once the appeal was concluded. Judge Frost's November 30, 2005 Entry reads as follows:

> Plaintiff filed a motion for attorney's fees in the above-captioned matter. (Doc. # 41). However, the case is currently on appeal before the United States Court of Appeals for the Sixth Circuit. (Doc. # 45). To that end, Plaintiff's reply in support of his motion suggests that the Court "reserve final judgment on the question of plaintiff's entitlement to fees and costs until the determination of the merits of the present appeal." (Doc. # 48 at 6.) Defendant's counsel indicated to the Court via telephone on November 30, 2005 that he agreed with the Plaintiff's suggestion.
>
> The Court accepts Plaintiff's suggestion and hereby **DENIES** Plaintiff's motion (Doc. # 41) **WITHOUT PREJUDICE** subject to re-filing at the conclusion of the appeal. The parties are **ORDERED** to notify the Court when the Sixth Circuit issues its mandate in this case.

Benson v. City of Wellston, Case No. 2:03-cv-639 (Record at 50).

Dismissal is justified only if it appears "to a legal certainty" that Columbia's claim is for less than $75,000. See Kovacs v. Chesley, 406 F.3d 393, 395 (6th Cir. 2005) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938)). The City and Stabler maintain that even if Benson refiles his motion for attorney's fees, Judge Frost is unlikely to grant it because the initial motion was not timely filed. Nevertheless, as the Sixth Circuit held in

4

Kovacs, the fact that a valid defense to the claim may exist cannot be considered in determining whether the jurisdictional amount has been met.  See 406 F.3d at 396.  Because Judge Frost's November 30, 2005 Order does not foreclose the possibility that Benson will be entitled to recover at least $20,000 in attorney's fees, this Court cannot say "to a legal certainty" that the amount in controversy does not exceed $75,000.  Defendant's motion to dismiss for lack of jurisdiction (Record at 10) is therefore **DENIED**.

**IT IS SO ORDERED.**

Date: November 30, 2006                                /s/ **John D. Holschuh**
                                                       John D. Holschuh, Judge
                                                       United States District Court